# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs December 9, 2015

## STATE OF TENNESSEE v. DEANGELO T. COLLINS

**Appeal from the Criminal Court for Shelby County**
**Nos. 99-12013, 99-04113     W. Mark Ward, Judge**

---

**No. W2015-00781-CCA-R3-CD  -  Filed February 8, 2016**

---

In 2000, the defendant pled guilty to aggravated robbery and, apparently, a lesser-included offense of possession with intent to sell less than one-half gram of cocaine, receiving concurrent sentences of eight years and three years. In 2014, apparently now in federal custody, he filed a Tennessee Rule of Criminal Procedure 36.1 motion, claiming that the second offense was committed while he was free on bond for the first, thus requiring the sentences to be served consecutively. He asked, in his pro se motion, that the convictions be vacated and the indictments set for trial. However, at an evidentiary hearing, after counsel had been appointed, the defendant asked that he be resentenced in the two cases to consecutive terms. The trial court found that the manner of service of the sentences had not been a material component to the guilty pleas and resentenced the defendant, as requested, to consecutive terms for his two state convictions. The defendant then appealed, asserting that the trial court had erred in concluding that the manner of service of the sentences was not a material part of the guilty pleas and arguing that he was entitled to a new hearing on his motion. Following our review, we reverse the trial court's order that the sentences be served consecutively and reinstate the original judgments for concurrent sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed, Original Judgments Reinstated**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Stephen Bush, District Public Defender; Phyllis Aluko (on appeal) and Trent Hall (at hearing), Assistant Public Defenders, for the appellant, Deangelo T. Collins.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Amy P. Weirich, District Attorney General; and Greg Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record in this matter is sparse. The single 2000 judgment of conviction included in the record on appeal shows that on February 2, 2000, the defendant entered a plea of guilty as charged in Indictment 99-04113, alleging aggravated robbery and was sentenced to confinement for eight years, with the sentenced to be served concurrently with that imposed in Indictment 99-12013. The record on appeal includes a copy of this second indictment, charging, in count one, possession with intent to sell one-half gram or more of a substance containing cocaine and, in count two, possession of this substance with intent to deliver. However, the record does not include a copy of the judgment for this indictment, although the defendant's appellate brief states that he pled guilty to a lesser-included offense of count one of the indictment.

As we have set out, in the trial court, the defendant complained that he had been entitled to consecutive rather than concurrent sentences and asked that new judgments be filed to correct this mistake of years earlier. The trial court granted his request and imposed consecutive sentences. On appeal, the defendant asked that the original sentences be set aside and an evidentiary hearing be conducted upon his claim that the original sentences were illegal because they were concurrent rather than consecutive.

Rule 36.1(a) provides as follows:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

In this matter, even if the defendant long ago received an illegal sentence, our supreme court has recently analyzed Rule 36.1 and concluded that it "does not authorize the correction of expired illegal sentences." State v. Adrian R. Brown, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *8 (Tenn. Dec. 2, 2015). Here, the defendant readily admits that his sentence has long since expired and, because of such, relief is not available under Rule 36.1. Therefore, we reverse the trial court's correction of the judgments against the defendant and reinstate the original judgments.

_____
ALAN E. GLENN, JUDGE

2